UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TONYA GRAHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:14-CV-419 (CEJ) |
| | ) |
| HUBBS MACHINE AND | ) |
| MANUFACTURING, INC. and | ) |
| RICK BENWARD, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to remand this action to the Twenty-Third Judicial Circuit Court (Jefferson County, Missouri), from which it was removed. Defendants oppose the motion, and the issues are fully briefed.

I. Background

On August 26, 2013, plaintiff filed a one count complaint against defendants Hubbs Machine and Manufacturing, Inc. (Hubbs Machine) and Rick Benward in the Circuit Court of Jefferson County, alleging wrongful termination against Missouri public policy. On March 5, 2014, plaintiff filed an amended complaint, adding a citation to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et seq.*, and asserting a second claim against Benward for tortious interference of a business expectancy.

According to the amended complaint, plaintiff was employed by Hubbs Machine from February 1996 through July 2013. At the time of her termination, she was the Vice President and had held that position since July 2008. On May 5, 2013, Benward was hired as the President and Chief Executive Officer (CEO) of Hubbs Machine. Benward was also employed by New York Life Securities, LLC (NY Life) and acted as

NY Life's third-party manager of employee and retirement benefits for the employee retirement plans of Hubbs Machine.

Upon learning that Benward was hired as the President and CEO, plaintiff alleges that she voiced concerns to both Benward and William Hubbs, the owner of Hubbs Machine, about Benward's concurrent employment with NY Life. Benward denied any conflict of interest. On June 10, 2013, plaintiff contacted NY Life and she alleges that a representative of the company's compliance department informed her that Benward's concurrent employment was a conflict of interest and that it constituted outside business activity in violation of Financial Industry Regulatory Authority Rules. On June 12, 2013, plaintiff again voiced her concerns to Benward. On June 17, 2013, Benward announced that he would no longer manage the employee and retirement benefits for Hubbs Machine.

Plaintiff alleges that immediately thereafter, she began to suffer retaliation for her complaints, including unwarranted disciplinary action, reduction of duties and responsibilities, and harassment. Plaintiff alleges that on July 29, 2013, she received a letter from Benward threatening her employment and that on July 30, 2013, she received a letter from William Hubbs accusing her of engaging in conduct which violated the company's reasonable standards and expectations. She was terminated on July 31, 2013.

On March 6, 2014, defendants removed this action, contending that plaintiff's wrongful termination claim is completely preempted by ERISA. [Doc. #1, ¶ 10]. Plaintiff filed the instant motion to remand, asserting that this Court lacks subject-matter jurisdiction because her claims arise solely under Missouri state law.

II. Legal Standard

An action is removable to federal court if the claims could have originally been filed in federal court. 28 U.S.C. § 1441; In re Prempro Products Liability Litigation, 591 F.3d 613, 619 (8th Cir. 2010). "The existence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that, 'federal question jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint.'" Mayfield v. Luthern Senior Services, 2009 WL 3526361, *2 (E.D. Mo. Oct. 26, 2009) (citing Avenevoli v. Lockton Companies, Inc., 2008 WL 509545, *2 (E.D. Mo. Feb 22, 2008)).

Preemption under ERISA is one narrow exception to the well-pleaded complaint rule. Hutson v. Kohner Props., 2009 U.S. Dist. LEXIS 100359 (E.D. Mo. Oct. 28, 2009) (citing Prudential Ins. Co. of Am. v. Nat'l Park Med. Ctr., Inc., 413 F.3d 897, 907 (8th Cir. 2005)). Under ERISA preemption, "a state law cause of action is subject to removal only where the claim 'relates to any employee benefit plan,' 29 U.S.C. § 1144(a) . . . and the claim seeks to recover benefits due or enforce rights under the terms of a plan, 29 U.S.C. § 1132(a) [or § 1144(a)], such that the exclusive cause of action is under federal law." Avenevoli, 2008 WL 509545, at *3 (citing Neumann v. AT&T Communications, Inc., 376 F.3d 773, 780 (8th Cir. 2004)).

The defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. Altimore v. Mount Mercy College, 420 F.3d 763, 768 (8th Cir. 2005). All doubts about federal jurisdiction must be resolved in favor of remand. In re Bus. Men's Assurance Co. of Am., 992 F.2d 181, 183 (8th Cir. 1993). In the event that the federal court determines that it lacks subject-matter jurisdiction

over a removed action, it must remand the action to the state court where it originated. 28 U.S.C. § 1447(c).

III. Discussion

In the notice of removal, defendants contend that federal question jurisdiction exists because plaintiff's claim of wrongful discharge is preempted by ERISA. Their argument is premised upon plaintiff's allegations in paragraphs 30 and 32 of the amended complaint, which state:

> 30. In complaining about and reporting Defendant Benward's conflict of interest and outside business activities, which were orchestrated, sanctioned and condoned by Defendant Hubbs Machine, Plaintiff Graham exercised her rights to report violations of law, regulations, administrative rules, and or public policy, including but not limited to violations of Financial Industry Regulatory Authority ("FINRA") rules, ethical codes, and regulations, including, but not limited to, FINRA Rules 3270, 2010 and those governing conflicts of interest; <u>the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et. seq.*, including but not limited to 29 U.S.C. § 1106</u>; and Chapter 409 of the Missouri Revised Statutes[.]

> 32. Defendant Hubbs Machine engaged in a pattern of harassment and ultimate termination of Plaintiff Graham's employment in retaliation for her complaining about and reporting violations of: FINRA rules, ethical codes, and regulations, including, but not limited to, FINRA Rules 3170, 2010 and those governing conflicts of interest; <u>the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.*, including but not limited to 29 U.S.C. § 1106</u>; and Chapter 409 of the Missouri Revised Statutes, governing the regulation of securities, including but not limited to Mo. Rev. Stat. 409.810 and 409.5-501, *et seq.*, and the implementing regulations promulgated in 15 CSR 30-51.169 to 30-51.173.

Doc. #8, ¶¶ 30 and 32 (emphasis added).

In the instant motion to remand, plaintiff argues that her citations to ERISA are insufficient to convey federal jurisdiction over her state law claims because she is not seeking to recover ERISA benefits, exercise any rights under ERISA, or clarify the provisions of an ERISA plan.

Section 514 of ERISA preempts all state laws that "relate to" employee benefit plans. 29 U.S.C. § 1144(a). ERISA preemption has been interpreted to have an extremely broad application. Mayfield, 2009 WL 3526361, at *2 (emphasis added). "The phrase 'relate to' was given its broad common-sense meaning, such that a state law 'relate[s] to' a benefit plan in the normal sense of the phrase, if it has a connection with or reference to such a plan." Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41 (1983). "In those cases where federal courts have decided that preemption is not mandated, the rationale often advanced is that the state law in question impacts upon ERISA in an indirect manner that is too tenuous or too remote to warrant preemption." Greenblatt v. Budd Co., 666 F.Supp. 735, 741 (E.D.Pa. Aug. 5, 1987).

In the instant case, plaintiff alleges two state law causes of action: (1) wrongful termination in violation of Missouri public policy; and (2) tortious interference with a business expectancy. However, included within the wrongful termination claim, are allegations that plaintiff's objections to Benward's concurrent employment was an exercise of her rights to report ERISA violations and that her termination was in retaliation for reporting ERISA violations. [Doc. #8,¶¶ 30 and 32]. The Court finds that these allegations sufficiently implicate ERISA preemption.

Similar to the instant case, the plaintiff in McLean v. Carlson Companies, Inc., 777 F. Supp. 1480, 1483 (D. Minn. Nov. 25, 1991), brought a wrongful discharge claim against her previous employer, alleging that she was wrongfully discharged because she "reported a violation or suspected violation of federal and state laws including, but not limited to, [a] violation of ERISA." The court in McLean held that "state common law or statutory causes of action for wrongful discharge premised on allegations that the employer discharged an employee *because* the employee asserted rights under an

employee benefit plan are preempted by ERISA." McLean v. Carlson Companies, Inc., 777 F. Supp. 1480, 1483 (D. Minn. Nov. 25, 1991) (emphasis added) (citing Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 138 (1990)). Other courts have also reached the same conclusion. See DeFelice v. Heritage Animal Hospital, Inc., 2010 U.S. Dist. LEXIS 103075 (E.D. Mich. Sept. 29, 2010) (ERISA preempted plaintiff's claim brought under Michigan's whistleblower act to the extent that plaintiff alleged that she was terminated for reporting a suspected ERISA violation); Anderson Electric Data Sys. Corp., 11 F.3d 1311, 1314 (5th Cir. 1994) (plaintiff's "wrongful discharge claim is preempted insofar as it is based on his refusal to carry out violations of ERISA, and reporting such violations to management.").

Thus, although plaintiff's amended complaint technically pleads two state law causes of action, her claims "relate to" an ERISA plan as a result of her allegations that she was wrongfully terminated in retaliation for reporting violations of ERISA. Accordingly, defendant has a right to remove plaintiff's claims to federal court.

\* \* \*

For the reasons discussed above,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [Doc. #12] is denied.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 16th day of June, 2014.