UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TONYA GRAHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:14-CV-419 (CEJ) |
| ) | |
| HUBBS MACHINE AND ) | |
| MANUFACTURING, INC. and ) | |
| RICK BENWARD, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for reconsideration of the order denying remand or, in the alternative, motion for order certifying this case for interlocutory appeal. Defendants oppose the motion, and the issues are fully briefed.

I. **Background**

On August 26, 2013, plaintiff filed a one-count complaint against defendants Hubbs Machine and Manufacturing, Inc. and Rick Benward in the Circuit Court of Jefferson County, alleging wrongful termination in violation of Missouri public policy. Plaintiff filed an amended complaint on March 5, 2014, adding citations to state and federal laws and regulations to support her wrongful termination claim, including a citation to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et seq*. Plaintiff also asserted a second claim against Benward for tortious interference with a business expectancy.

On March 6, 2014, defendants removed the action, contending that ERISA completely preempts plaintiff's wrongful termination claim under §§ 1132(a)(3), 1140, and 1144. Plaintiff filed a motion to remand the action to circuit court on April 1, 2014,

asserting that this Court lacks subject-matter jurisdiction because her claims arise solely under Missouri law. In support of her motion, plaintiff argued that she is not bringing the action to exercise any rights under ERISA, her claims do not "relate to" an ERISA plan as set forth in § 1144, and § 1144 of ERISA does not provide a basis for removal as it only establishes an affirmative defense. On June 16, 2014, the Court denied plaintiff's motion to remand. The Court found that plaintiff's claims relate to an ERISA plan, because she alleges she was wrongfully terminated in retaliation for reporting violations of ERISA. Therefore, the Court concluded, ERISA preemption is implicated and the defendant had the right to remove plaintiff's claims to federal court.

On June 23, 2014, plaintiff filed the instant motion for reconsideration of the order denying remand pursuant to Fed. R. Civ. P. 59(e) and 60(b), arguing that the Court misconstrued her complaint in finding that she was asserting her rights against wrongful termination under ERISA rather than only Missouri common law. Plaintiff also reasserts her argument that § 1144 of ERISA does not convey federal subject-matter jurisdiction. In the alternative, plaintiff requests an order certifying the case for interlocutory appeal on the issue of jurisdiction under ERISA preemption.

II. **Discussion**

A. *Motion for Reconsideration of Order Denying Remand*

Federal Rule of Civil Procedure 59(e) allows a district court to correct its own mistakes in the time period immediately following entry of judgment. Norman v. Ark. Dep't of Educ., 79 F.3d 748, 750 (8th Cir. 1996) (citing White v. N.H. Dep't of Emp't Sec., 455 U.S. 445, 450 (1982)). Rule 59(e) motions serve a limited function of correcting "manifest errors of law or fact or to present newly discovered evidence." Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d

1284, 1286 (8th Cir. 1998) (internal quotation and citations omitted). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." Id.

Federal Rule of Civil Procedure 60(b) sets forth grounds for relief from a final judgment, order, or proceeding. Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." Robinson v. Armontrout, 8 F.3d 6, 7 (8th Cir. 1993). Under 60(b)(6), the catch-all provision, the "exceptional circumstances" must have "denied the movant a full and fair opportunity to litigate his/her claims and have prevented the movant from receiving adequate redress." Hodge v. Burlington N. & Santa Fe Ry. Co., 461 F. Supp. 2d 1044, 1054 (E.D. Mo. 2006) (citing Harley v. Agostini, 413 F.3d 866, 871 (8th Cir. 2005)).

Plaintiff asserts that the Court's order misconstrues the complaint, in which plaintiff alleges that by reporting Benward to authorities she had "exercised her rights to report violations of . . . the Employee Retirement Income Security Act of 1974," among other laws and regulations. Plaintiff insists she was only referring to her Missouri common law right to be free from workplace retaliation. She restates her prior argument that she was not asserting any rights under ERISA. Because the Court has already considered and rejected this argument in its order denying remand, there is no basis for the Court to reconsider its prior decision. See Broadway v. Norris, 193 F.3d 987, 989-90 (8th Cir. 1999) (stating that Rule 60(b) is "not a vehicle for simple reargument on the merits").

Plaintiff also argues that in finding plaintiff's claims to be preempted by ERISA, the Court was relying exclusively upon § 1144 to establish subject-matter jurisdiction,

3

contrary to Eighth Circuit precedent. The Court finds that plaintiff's assertion here relies on a fundamental misunderstanding of judicial decisions interpreting the preemption standards underlying ERISA's statutory scheme and a further misinterpretation of the Court's order. The Court will thus clarify its order as follows.

ERISA contains two types of preemption: "complete preemption" under § 1132 and "express preemption" under § 1144. <u>Prudential Ins. Co. of Am. v. Nat'l Park Med. Ctr., Inc.</u>, 413 F.3d 897, 907 (8th Cir. 2005). Under § 1144(a), a state law "relates to" an ERISA plan, and is thereby expressly preempted, "if it has a connection with or reference to such a plan," <u>Shaw v. Delta Air Lines, Inc.</u>, 463 U.S. 85, 97 (1983), or "where resolution of the claim is substantially dependent on an analysis of the terms of the benefit plan." <u>Neumann v. AT&T Comm'n, Inc.</u>, 376 F.3d 773, 780 (8th Cir. 2004). For the reasons provided in the Court's prior order, plaintiff's claims are expressly preempted by ERISA.

Plaintiff is correct in noting that falling under the express preemption of § 1144 does not result in "automatic removal to federal court." <u>Prudential Ins. Co. of Am.</u>, 413 F.3d at 907 (stating that § 1144(a) provides an affirmative defense against claims not completely preempted by ERISA). However, it would be grossly inaccurate to suggest that removal is foreclosed. Rather, if the claim falls under § 1132, it is completely preempted by federal law and thus removable. <u>Neumann</u>, 376 F.3d at 779-80. Plaintiff interprets the Court's order to implement a two-part test, by which establishing preemption under § 1144 is an absolute prerequisite for complete preemption under § 1132. This, however, is incorrect. Finding a claim completely preempted under § 1132 is not dependent upon first finding express preemption under § 1144. See <u>Harris v. Deaconess Health Servs. Corp.</u>, 61 F. Supp. 2d 889, 893 (E.D. Mo. 1999) (holding

4

that judicial analysis of the preemption under § 1144 cannot help a federal court determine whether it has subject-matter jurisdiction).[1]  Nonetheless, preemption under both sections generally co-exists.  "Naturally, if a claim were for [asserting a right] under an ERISA plan, then the claim will 'relate to' the plan."  Ervast v. Flexible Prods. Co., 346 F.3d 1007, 1013 n.7 (11th Cir. 2003).

Under § 1132(a), "any claim filed by a plan participant for the same relief provided under ERISA's civil enforcement provision, even a claim purportedly raising only a state-law cause of action, arises under federal law and is removable to federal court."  Prudential Ins. Co. of Am., 413 F.3d at 907 (citing Neumann, 376 F.3d at 779).  To determine whether a claim falls within the scope of § 1132, three factors must be considered: (1) whether the plaintiff is eligible to bring a claim under that section; (2) whether the subject matter of the plaintiff's state law claims fall within the scope of an ERISA provision the plaintiff can enforce by § 1132; and (3) whether the rights the plaintiff seeks to recover, clarify or enforce arise under the terms of plaintiff's ERISA plan.  Harris, 61 F. Supp. 2d at 894 (citations omitted); see also Jass v. Prudential Health Care Plan, Inc., 88 F.3d 1482, 1487 (7th Cir. 1996) (implementing a virtually identical test).  "The last factor is best determined by considering whether the Court can resolve the plaintiff's state law claims without an interpretation of the plan

---

[1] Additionally, it is incorrect to suggest that § 1144 by itself provides a basis for removal to federal court.  In its prior order, the Court altered a quote from Avenevoli v. Lockton Cos, Inc., No. 4:07-cv-1867 (HEA), 2008 WL 509545, *2 (E.D. Mo. Feb. 22, 2008), by inserting brackets to reference § 1144 in place of the Avenevoli court's alteration of the quote from Neumann, 376 F.3d at 779-80, which had added a bracketed reference to § 1140.  This was an alteration, not a misquote, as plaintiff suggests.  See The Bluebook: A Uniform System of Citation R. 5.2(a), at 77 (Columbia Law Review Ass'n et al. Eds., 19th ed. 2010) ("Substituted words or letters and other inserted material should also be bracketed.").  By adding this reference to § 1144, the Court did not allow removal solely based upon § 1144.  Rather, complete preemption under § 1132(a) remains a necessary basis for subject-matter jurisdiction.  While the prior order did not provide a full analysis of the Court's determination that plaintiff's claims are completely preempted by ERISA, the Court will do so in this order.

documents." Harris, 61 F. Supp. 2d at 894 (citations omitted).

In contrast to what plaintiff claims in the instant motion, defendant did not rely solely upon § 1144 in its removal notice, but additionally alleged that plaintiff's wrongful termination claim is completely preempted by § 1132(a)(3) and § 1140 of subchapter I of ERISA. Under § 1132(a)(3), a participant, beneficiary, or fiduciary is empowered to bring a civil action to enjoin any act or practice that violates any provision of ERISA or an ERISA plan, or to obtain other equitable relief to redress ERISA violations or enforce any provisions of ERISA or an ERISA plan. Under § 1140, it is "unlawful for any person to discharge, fine, suspect, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which [s]he is entitled under the provisions of an employee benefit plan, [or] this subchapter . . . ." Section 1140 is therefore a provision that a claimant could enforce via § 1132(a). Furthermore, in the complaint, plaintiff cites directly to § 1106, which prohibits a fiduciary of a plan from engaging in transactions that involve conflicts of interest. Since this section also falls within subchapter I of ERISA, § 1106 thus is enforceable under § 1132(a) as well.

Here, plaintiff is eligible to bring a claim under § 1132(a). Plaintiff was Vice President of Hubbs Machine, and thereby had standing at least as a plan participant, if not beneficiary or fiduciary, to bring a civil action under § 1132(a) of ERISA. Benward was an officer of Hubbs Machine, as well as an employee at New York Life Securities, LLC ("NY Life"), acting as NY Life's third-party manager of employee and retirement benefits for the employee retirement plans of Hubbs Machine. Benward therefore, based on the complaint, was a fiduciary of the plan. Plaintiff voiced concerns to management concerning Benward's concurrent employment with NY Life,

an alleged violation of § 1106. Plaintiff claims she was then retaliated against and wrongfully terminated for her actions in reporting Benward, a claim that could be brought under § 1140. Plaintiff's claim thus fall within the scope of multiple ERISA provisions she can enforce by § 1132(a).

Finally, resolution of plaintiff's claim requires interpretation of the ERISA plan. To succeed on a claim of wrongful termination under Missouri law, plaintiff would need to allege conduct she perceived to violate an ERISA plan. See Fleshner v. Pepose Vision Inst., P.C., 304 S.W.3d 81, 92 (Mo. banc 2010) (stating that under Missouri common law, an "at-will employee may not be terminated (1) for refusing to violate the law or any well-established and clear mandate of public policy . . . or (2) for reporting wrongdoing or violations of law to superiors or public authorities"). The existence and alleged violation of an ERISA plan is a substantive element of plaintiff's claim. Plaintiff therefore is seeking to enforce rights under ERISA that establish a federal cause of action. Her claims are completely preempted by ERISA under § 1132(a)(3) and were properly removed to federal court.[2]

Because there is no manifest error of law or fact and no other exceptional circumstances warranting relief, the Court denies plaintiff's motion for reconsideration of the order denying remand.

B.   *Motion for an Order Certifying the Case for Interlocutory Appeal*

In the alternative, plaintiff requests an order certifying denial of plaintiff's motion

---

[2] A number of other courts have reached the same conclusion with similar facts or claims, some of which were previously noted in the Court's order denying remand. See, e.g., Anderson Elec. Data Sys. Corp., 11 F.3d 1311 (5th Cir. 1994); Hashimoto v. Bank of Hawaii, 999 F.2d 408 (9th Cir. 1993); Authier v. Ginsberg, 757 F.2d 796 (6th Cir. 1985); DeFelice v. Heritage Animal Hospital, Inc., No. 08-14734, 2010 WL 3906147 (E.D. Mich. Sept. 29, 2010); McSharry v. Unumprovident Corp., 237 F. Supp. 2d 875 (E.D. Tenn. 2002); Peterson v. Spaich Farms, Inc., No. CIV-S-98-2274, 1999 WL 793942 (E.D. Cal. Sept. 29, 1999); McLean v. Carlson Companies, Inc., 777 F. Supp. 1480 (D. Minn. 1991).

for remand for interlocutory appeal on the issue of jurisdiction under ERISA preemption. Section 1292(b) of Title 28 of the United States Code provides a mechanism through which a party can pursue an interlocutory appeal. To satisfy § 1292(b) requirements, a case must involve an issue that concerns "(1) a controlling question of law as to which there is (2) a substantial ground for difference of opinion and upon which (3) a decision will materially advance the ultimate termination of the litigation." Paschall v. Kansas City Star Co., 605 F.2d 403, 406 (8th Cir. 1979).

It has "long been the policy of the courts to discourage piece-meal appeals." White v. Nix, 43 F.3d 374, 376 (8th Cir. 1994) (internal quotations and citations omitted). Motions to certify issues for interlocutory appeal should be "granted sparingly and with discrimination." Id. Therefore, § 1292(b) should be used only in "exceptional cases where a decision on appeal may avoid protracted and expensive litigation." Id. The movant bears the burden of demonstrating that the case is an exceptional one that justifies immediate appeal. Id. Plaintiff has failed to meet its burden in this case.

The first requirement of a controlling question of law is met. The issue of subject-matter jurisdiction under ERISA preemption raises the question of when removal to federal court is proper under ERISA—a question of law rather than fact. See Emerson Elec. Co. v. Yeo, No. 4:12-CV-1578 (JAR), 2013 WL 440578, *2 (E.D. Mo. Feb. 5, 2013) ("The question for appeal must be a question of law as opposed to a question of fact or matter for the court's discretion."). The question is furthermore "controlling," because "resolution of the issue on appeal could materially affect the outcome of the litigation in the district court." Id. (quoting Newsome v. Young Supply Co., 873 F. Supp. 2d 872, 876 (E.D. Mich. 2012)). More specifically, reversal of the

order would terminate the action and result in remand to state court. See Yeo, 2013 WL 440578 at *2 ("A question of law is controlling 'if reversal of the district court's order would terminate the action.'") (quoting Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria, 921 F.2d 21, 24 (2d Cir. 1990)).

The second and third requirements for interlocutory appeal, however, are not met. As to the second requirement, the issue is not one on which there is substantial ground for difference of opinion. Substantial grounds exist when: "(1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is one of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question." Yeo, 2013 WL 440578 at *2 (internal citations and quotations omitted). It is well settled, however, that "ERISA preemption, without more, does not convert a state claim into an action arising under federal law." Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 64 (1987).

Plaintiff relies upon a 1999 case from the Western District of Missouri to note the "confused state of the law in [the Eighth Circuit] with respect to the jurisdictional consequences of ERISA preemption." Tovey v. Prudential Ins. Co. of Am., 42 F. Supp. 2d 919, 921-22 (W.D. Mo. 1999). However, the Eighth Circuit has since plainly distinguished between the two types of preemption under ERISA and their jurisdictional consequences. See, e.g., Prudential Ins. Co. of Am., 413 F.3d at 907 (explaining that a claim is removable on the basis of complete preemption under § 1132 while express preemption under § 1144, in contrast, provides an affirmative defense). Numerous decisions within this district have since followed the Eighth Circuit's lead. See, e.g.,

Noel v. Laclede Gas Co., 612 F. Supp. 2d 1051, 1058 (E.D. Mo. 2009) ("Unlike claims subject to complete preemption, those subject to express preemption are not recharacterized as claims arising under federal law and, therefore, under the well-pleaded complaint rule, do not confer federal question jurisdiction."). The issue therefore is not novel, not one of first impression, nor is there a present difference of opinion within the Eighth Circuit. See Yeo, 2013 WL 440578 at *2 ("The difference of opinion must arise out of genuine doubt as to the correct legal standard.").

Plaintiff relies upon a footnote from a 2003 Eleventh Circuit case to contend that the circuit courts are split on the issue. See Ervast v. Flexible Prods. Co., 346 F.3d 1007, 1013 n.7 (11th Cir. 2003) ("Some circuits require defensive preemption as a prerequisite to complete preemption, thus applying a two-step analysis, while other circuits do not.") (citing Tovey, 42 F. Supp. 2d at 923-24). However, the circuit courts cited by the Tovey court have since agreed with the Eighth Circuit and distinguished between the types of preemption under ERISA. See Wurtz v. Rawlings Co., LLC, No. 13-1695-cv, 2014 WL 3746801, *2-3 (2d Cir. July 31, 2014) (finding that complete preemption under ERISA provides a basis for federal subject-matter jurisdiction, but express preemption does not); Fossen v. Blue Cross & Blue Shield of Montana, Inc., 660 F.3d 1102, 1107 (9th Cir. 2011) (distinguishing between the express preemption of § 1144(a) that "defeats state-law causes of action on the merits" and the conflict preemption in § 1132(a) that confers federal subject-matter jurisdiction); Jones v. LMR Intern., Inc., 457 F.3d 1174, 1179 (11th Cir. 2006) ("Unlike complete preemption [under 1132(a)], which is jurisdictional, defensive preemption [under § 1144] is a substantive defense.") (citing Ervast, 346 F.3d at 1014); Arana v. Ochsner Health Plan, 338 F.3d 433, 440 (5th Cir. 2003) (overruling precedent that applied a two-part test

and holding that only complete preemption under § 1132(a) is required for removal jurisdiction; conflict preemption under § 1144 is not required). Plaintiff cited no further cases to support its contention that a circuit split presently exists on the issue. The second requirement for interlocutory appeal is thus not met.

Plaintiff also fails to meet her burden of establishing the third requirement for certification for interlocutory appeal. Even if courts in this circuit or other circuits were to disagree as to whether a two-step or one-step analysis is applicable for determining the propriety of removal under ERISA preemption, resolution of this issue will not "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The courts that previously applied a two-step analysis required an ultimate finding of complete preemption under § 1132(a). Tovey, 42 F. Supp. 2d at 923 (stating that the two-part test requires "first determining whether the state law claim is preempted by ERISA § [1144], and then considering whether the claim falls within the scope of ERISA § [1132]"); see also Avenevoli v. Lockton Cos., No. 4:07-cv-1867 (HEA), 2008 WL 509545, *3 (E.D. Mo. Feb. 22, 2008) (concluding that a state law cause of action is removable only where both express preemption under § 1144 and complete preemption under § 1132(a) are implicated). Plaintiff does not point to any jurisdiction that permits removal solely based upon express preemption under § 1144. As set forth above, plaintiff's claims both "relate to" an ERISA plan under § 1144 and are completely preempted under § 1132(a). Removal is thus proper in this case under either a one- or two-step analysis. "When litigation will be conducted in substantially the same manner regardless of [the Eighth Circuit's] decision, the appeal cannot be said to materially advance the ultimate termination of the litigation." White, 43 F.3d at 378-79.

Because the second and third requirements under 28 U.S.C. § 1292 are not met, the Court denies plaintiff's motion to certify the order for interlocutory appeal to the Eighth Circuit.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for reconsideration, or in the alternative, certification for interlocutory appeal [Doc. #29] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 29th day of September, 2014.