UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TONYA GRAHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:14-CV-419 (CEJ) |
| ) | |
| HUBBS MACHINE AND ) | |
| MANUFACTURING, INC. and ) | |
| RICK BENWARD, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion to dismiss the counterclaim of defendant Hubbs Machine and Manufacturing, Inc., pursuant to Fed. R. Civ. P. 12(b)(6). Defendant has filed a response in opposition, and the issues are fully briefed.

### I. Background

Tonya Graham was employed by defendant Hubbs Machine and Manufacturing, Inc., from February 1996 until her termination in July 2013. At the time of her termination, Graham was vice president and corporate officer of the company, and had worked in that capacity since July 2008. In the amended complaint, plaintiff asserts a claim against defendant Hubbs Machine for wrongful termination in violation of Missouri public policy. Plaintiff alleges that she was harassed and ultimately terminated for reporting violations of the Financial Industry Regulation Authority (FINRA) rules, ethical codes and regulations, and the Employee Retirement Income Security Act of 1974 (ERISA). In its answer to the

amended complaint, defendant asserts a two-count counterclaim for tortious interference with a business expectancy and breach of fiduciary duty.

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; see also id. at 563 (stating the "no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement."). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 555.

## III. Discussion

### A. Count I: Tortious Interference with Business Expectancy

Plaintiff first asserts that Count I fails because an action for tortious interference with a business expectancy will lie only against a third-party. Plaintiff argues that she is not a third-party because she was acting as an agent of the

defendant. Plaintiff also argues that the defendant fails to state how she acted without legitimate business justification. Defendant asserts that plaintiff's actions were not done on behalf of defendant as its agent, but on her own behalf as an individual.

"A claim for tortious interference with a contract or business expectancy requires proof of each of the following: (1) a contract or a valid business expectancy; (2) defendant's knowledge of the contract or relationship; (3) intentional interference by the defendant inducing or causing a breach of the contract or relationship; (4) absence of justification; and, (5) damages resulting from defendant's conduct." Community Title Co. v. Roosevelt Fed. Sav. & Loan Ass'n, 796 S.W.2d 369, 372 (Mo. banc 1990). "An action for tortious interference with a business expectancy will lie against a third party only." Zipper v. Health Midwest, 978 S.W.2d 398, 419 (Mo. Ct. App. 1998).

"Where the individual being sued is an officer or agent of the defendant corporation, the officer or agent acting for the corporation is the corporation for purposes of tortious interference." Id. This rule is based on the principle that "[a] corporate officer, acting within his or her authority, is privileged to induce a breach of a corporate contract provided that he or she uses no improper means, acts in good faith to protect the corporate interest and does not act out of self interest." Meyer v. Enoch, 807 S.W.2d 156, 159 (Mo. Ct. App. 1991) (collecting cases). So, "[f]or a corporate officer or agent to be liable for tortuously interfering with a contract of a corporation, he or she must have [both] acted out of self interest, [and] also have used improper means." Mackey v. ACL Transp., LLC, No. 4:09-CV-1159 (CEJ), 2009 WL 3517534, *2 (E.D. Mo. Oct. 23, 2009) (quoting Meyer, 807

S.W.2d at 159). "Improper means are those that are independently wrongful, such as threats, violence, trespass, defamation, misrepresentation of fact, restraint of trade, or any other wrongful act recognized by statute or the common law." Western Blue Print Co., LLC v. Roberts, 367 S.W.3d 7, 20 (Mo. banc 2012) (quoting Stehno v. Sprint Spectrum, L.P., 186 S.W.3d 247, 252 (Mo. banc 2006)).

Taking the allegations of the counterclaim as true, plaintiff's conduct is inconsistent with serving the interests of the company as its agent. Certainly, an employee who seeks to harm her employer's business cannot be acting within the scope of her authority as agent. As such, plaintiff is a third party against whom a tortious interference claim will lie.

Nevertheless, the defendant's claim fails because the counterclaim contains no allegations to support a plausible inference that plaintiff acted out of self-interest or used improper means in her communications with defendant's business associates. Defendant asserts only conclusory allegations that plaintiff "acted without legitimate business justification" and "acted out of greed and self-interest." Countercl. ¶¶ 10, 13 [Doc. #4]. Defendant also does not allege actual damage to its business relationships. See id. at ¶6 (stating that plaintiff's statements resulted in business associates "questioning" or having "doubt" about continuing to do business with defendant). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal quotations and citations omitted). The court finds that Count I of defendant's counterclaim does not satisfy the requirements for stating a claim for relief. Therefore, it will be dismissed.

### Count II: Breach of Fiduciary Duty

Plaintiff also challenges Count II, arguing that Hubbs Machine fails to show how she breached her duty to the company, causation, and any resulting harm. To assert a breach of fiduciary duty claim, a proponent must show that a fiduciary duty existed between the proponent and the defending party, the defending party breached the duty, and the breach caused harm to the proponent. Hallquist v. United Home Loans, Inc., 715 F.3d 1040 (8th Cir. 2013) (applying Missouri law); Western Blue Print Co., LLC v. Roberts, 367 S.W.3d 7, 15 (Mo. banc 2012) (same).

In Count II, defendant claims that plaintiff conspired to damage defendant's business relationships with customers, intentionally damaged the company's credibility, publicly disparaged the company, and usurped business opportunities that belonged to defendant. There are, however, no facts alleged to support these claims. Instead, defendant simply asserts "legal conclusion[s] couched as [] factual allegation[s,]" which the court is not required to accept as true. Papasan v. Allain, 478 U.S. 265, 286 (1986). Defendant's fail "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Therefore, Count II of defendant's counterclaim fails to state a claim and will be dismissed.

* * *

For the reasons set forth above,

**IT IS HEREBY ORDERED** that plaintiff's motion to dismiss defendant's counterclaim for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) [Doc. #33] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 26th day of February, 2015.