UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TONYA GRAHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:14-CV-419 (CEJ) |
| ) | |
| HUBBS MACHINE AND ) | |
| MANUFACTURING, INC., et al., ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to dismiss the amended counterclaims of defendant Hubbs Machine and Manufacturing, Inc. Defendant has responded in opposition, and the issues are fully briefed.

## I. Background

Tonya Graham was employed by defendant Hubbs Machine and Manufacturing, Inc. from February 1996 until her termination in July 2013. At the time of her termination, Graham was vice president and corporate officer of the company, and had worked in that capacity since July 2008. In the second amended complaint, plaintiff asserts a claim against defendant Hubbs Machine for wrongful termination in violation of Missouri public policy (Count I). Plaintiff alleges that she was harassed and ultimately terminated for reporting to her supervisor violations of the Financial Industry Regulation Authority (FINRA) rules, ethical codes and regulations, and the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et seq.* Plaintiff also asserts a claim against defendants Hubbs

Machine, Rick Benward, and William Hubbs for retaliation under section 510 of ERISA, 29 U.S.C. § 1140 (Count III).[1]

In its answer to the second amended complaint, defendant Hubbs Machine asserts amended counterclaims against Graham for tortious interference with a business expectancy and breach of fiduciary duty, alleging that plaintiff divulged confidential information and induced customers to cease or reduce business with the company prior and subsequent to her termination. In the instant motion, plaintiff moves to dismiss the counterclaims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. **Legal Standard**

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; see also id.

---

[1] Count II and portions of Count I were previously dismissed for failure to state a claim.

at 563 (stating the "no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement."). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 555.

   III.  **Discussion**

   A.  **Tortious Interference with Business Expectancy**

Plaintiff argues that defendant's tortious interference claim fails, because it consists of legal conclusions without supporting facts. Specifically, plaintiff asserts that defendant failed to plead who the customers were with whom the company had an alleged business expectancy, the nature of any contract or business expectancy, plaintiff's knowledge of such expectancies, the actual breach induced or caused by plaintiff's conduct, the absence of justification, the actual damages sustained by the company, and when and where such damages occurred.

"A claim for tortious interference with a contract or business expectancy requires proof of each of the following: (1) a contract or a valid business expectancy; (2) defendant's knowledge of the contract or relationship; (3) intentional interference by the defendant inducing or causing a breach of the contract or relationship; (4) absence of justification; and, (5) damages resulting from defendant's conduct." Cmty. Title Co. v. Roosevelt Fed. Sav. & Loan Ass'n, 796 S.W.2d 369, 372 (Mo. banc 1990). "For a corporate officer or agent to be liable for tortuously interfering with a contract of a corporation, he or she must have [both] acted out of self interest, [and] also have used improper means." Mackey v. ACL Transp., LLC, No. 4:09-CV-1159 (CEJ), 2009 WL 3517534, *2 (E.D. Mo. Oct. 23, 2009) (quoting Meyer v. Enoch, 807 S.W.2d 156, 159 (Mo. Ct. App. 1991)). "Improper means are those that are independently wrongful, such as

3

threats, violence, trespass, defamation, misrepresentation of fact, restraint of trade, or any other wrongful act recognized by statute or the common law." Western Blue Print Co., LLC v. Roberts, 367 S.W.3d 7, 20 (Mo. banc 2012) (quoting Stehno v. Sprint Spectrum, L.P., 186 S.W.3d 247, 252 (Mo. banc 2006)).

In its amended counterclaims, defendant alleges that it had purchase orders, valid business expectancies, and a long business history or relationship with its customer Hexagon/Leica. As a former vice president and corporate officer of the company, defendant further alleges that plaintiff had knowledge of defendant's business expectancies with Hexagon/Leica. Subsequent to her termination from Hubbs Machine, defendant asserts that plaintiff contacted Hexagon/Leica and persuaded it to increase business with and utilize the services of defendant's direct competitor. Additionally, defendant alleges that plaintiff connected with a corporate officer of Hexagon/Leica through social media sites to induce and influence it to cease or reduce its ordering of laser tracker equipment, material, and support from Hubbs Machine. Defendant cites a specific date on which Hexagon/Leica informed Hubbs Machine it was providing more business opportunities to defendant's competitor because of plaintiff's statements to defendant's customers. Finally, as a result of plaintiff's actions, defendant alleges that in the 2014 fiscal year it experienced a reduction in orders from Hexagon for the first time in six years, totaling $96,000, and a 25% reduction in orders from Leica.

Accepting the factual allegations in the counterclaim as true, the Court finds that defendant has adequately stated a claim for tortious interference with its business expectancy. See Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) ("When ruling on a motion to dismiss, the court must accept the allegations

4

contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party."). In contrast to plaintiff's contentions, defendant has provided a sufficiently specific supporting set of facts for each element of its tortious interference claim.

### B. Breach of Fiduciary Duty

To assert a breach of fiduciary duty claim, a proponent must show that a fiduciary duty existed between the proponent and the defending party, the defending party breached the duty, and the breach caused harm to the proponent. Hallquist v. United Home Loans, Inc., 715 F.3d 1040 (8th Cir. 2013); Western Blue Print Co., LLC, 367 S.W.3d at 15. With respect to defendant's second counterclaim, plaintiff concedes that she had a duty to protect Hubbs Machine's interests, but argues that defendant fails to plead specifically how plaintiff breached her duty to Hubbs Machine and the damages the company suffered as a result.

Contrary to plaintiff's assertions, defendant has adequately alleged acts performed by plaintiff during her employment as a vice president of Hubbs Machine as examples of how plaintiff breached her fiduciary duties to Hubbs Machine, including intentionally divulging confidential information concerning personnel matters to defendant's customers, publicly disparaging defendant and its employees, and usurping business opportunities that belonged to defendant. As a result of plaintiff's conduct, defendant alleges that its reputation was so damaged in the industry that its direct competitor offered to buy Hubbs Machine and defendant incurred fiscal damage in 2014 totaling $96,000 in reduced business or sales from Hexagon and a 25% decrease in business or sales to Leica.

The factual allegations asserted in defendant's second counterclaim are sufficient to support a claim that plaintiff breached her fiduciary duties of good faith, fair dealing, due care, candor and loyalty to defendant. As reiterated by the Supreme Court in a summary reversal issued two weeks after <u>Twombly</u>, the federal rules require "only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2) and <u>Twombly</u>, 550 U.S. at 555). Defendant's counterclaims meet the standard of fair notice.

\* \* \* \* \*

For the reasons set forth above,

**IT IS HEREBY ORDERED** that plaintiff's motion to dismiss defendants' amended counterclaims [Doc. #69] is **denied.**

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 25th day of June, 2015.