UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TONYA GRAHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:14-CV-419 (CEJ) |
| | ) |
| HUBBS MACHINE AND | ) |
| MANUFACTURING, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on plaintiff's motion for a continuance of the trial setting and to amend the case management order. Specifically, plaintiff seeks to amend the deadlines for disclosing expert witnesses and making those witnesses available for depositions, in addition to the deadlines for the parties to file dispositive motions. In the alternative, plaintiff requests the Court to convert this case to a Track 3 case and issue an amended case management order.

Under Rule 16(b) of the Federal Rules of Civil Procedure, a case management order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of good cause is the movant's diligence in attempting to meet the [scheduling] order's requirements." Id. at 716–17 (quoting Rahn v. Hawkins, 464 F.3d 813, 822 (8th Cir. 2006)). "While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, [the court] will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." Id. at 717; see Freeman v. Busch, 349 F.3d 582, 589 (8th Cir. 2003) (affirming the district court's denial of plaintiff's motion to amend her complaint under Rule 16(b) because she

provided no reasons why the amendment could not have been made earlier or why her motion to amend was filed so late).

The deadline for plaintiff to disclose expert witnesses and provide the reports required by Rule 26(a)(2) of the Federal Rules of Civil Procedure was July 31, 2015. Plaintiff now seeks an extension of the expert witness deadlines, because plaintiff's counsel state they developed the belief that it would be necessary to provide the opinion of a vocational expert at trial as discovery progressed. Plaintiff states the vocational expert would opine as to plaintiff's job search after her termination, her return to school, and her likelihood of finding comparable employment. This matter is an employment dispute in which plaintiff has asserted wrongful termination and retaliation claims. The Court finds it incredulous that plaintiff's counsel could not have predicted prior to the deadline for disclosing expert witnesses—more than seven months ago and almost two years after she filed this action—that plaintiff might need the testimony of a vocational expert to support of her claims. As such, the Court finds that plaintiff has not demonstrated diligence and her request to amend the deadlines in the case management order regarding expert witnesses will be denied.

In support of her request to extend the deadline to file dispositive motions and to move the trial date, plaintiff states that defendants produced more than 18,000 pages of documents after the deadline for completing discovery. The current deadline for the parties to file dispositive motions is March 7, 2016. Plaintiff has not stated that she intends to file a dispositive motion, and defendants have not requested additional time to file any dispositive motions. As such, the Court also does not find good cause to amend the case management order and extend

2

these deadlines.  If plaintiff wishes to request additional time to respond to any dispositive motions defendants file, she may request an extension of the deadline to respond at that time.

The Court will also deny plaintiff's request to convert this case to a Track 3 case and issue an amended case management order.  The issues raised by the complaint are not so complex to warrant an extended amount of time for plaintiff to pursue her claims or for the defendants to mount a defense against them.  Moreover, as explained above, plaintiff has not demonstrated good cause for any of the requested amendments to the case management order.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for a continuance of the trial setting and to amend the case management order [Doc. #99] is **denied.**

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 4th day of March, 2016.