UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TONYA GRAHAM, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 4:14-CV-419 (CEJ) |
| | ) |
| HUBBS MACHINE AND | ) |
| MANUFACTURING, INC., et al., | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM AND ORDER

On May 19, 2016, the Court entered summary judgment in favor of defendants on plaintiff's retaliation claim under section 510 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1140, in Count III of the second amended complaint. The judgment stated that plaintiff would bear the costs. This matter is now before the Court on defendants' bill of costs requesting an award of $2,469.95 to be taxed against plaintiff.[1] Plaintiff has filed objections.

**I.    Legal Standard**

Federal Rule of Civil Procedure 54(d) grants district courts "broad discretion" over the award of costs to prevailing parties. <u>Little Rock Cardiology Clinic PA v. Baptist Health</u>, 591 F.3d 591, 601 (8th Cir. 2009). The costs that a federal court may tax under Rule 54(d) are enumerated in 28 U.S.C. § 1920. <u>Crawford Fitting Co. v. J.T. Gibbons, Inc.</u>, 482 U.S. 437, 441 (1987). Under section 1920, the Court may tax costs for fees of the clerk and marshal, fees for printed or electronically

---

[1] Defendants' original bill of costs requested a total of $4,177.13 to be taxed against plaintiff, including costs associated with the mediator's fee. Afterward, defendants filed a motion to amend or modify their bill of costs and dismiss or withdraw their request for the costs associated with the mediator's fee. [Doc. #123]. The Court will grant their motion and consider defendants' amended bill of costs with the accompanying exhibits attached to the original bill of costs in this memorandum and order. [Doc. #123-1 & Docs. ##121-1-6].

recorded transcripts necessarily obtained for use in the case, fees and disbursements for printing and witnesses, fees for copies of necessary papers, docket fees, and compensation of court appointed experts and interpreters. § 1920(1)–(6). The Court may not award costs other than those authorized by section 1920, because this section "imposes 'rigid controls on cost-shifting in federal courts.'" Brisco–Wade v. Carnahan, 297 F.3d 781, 782 (8th Cir. 2002) (quoting Crawford Fitting, 482 U.S. at 444).

## II. Discussion

### A. Deposition Costs

Plaintiff first argues that the court reporters' fees requested include depositions that were necessary to both plaintiff's ERISA retaliation claim and plaintiff's remaining state law claim presently pending in Missouri state court. Plaintiff states that, depending on the outcome in state court, she, too, could recover her costs for the depositions pursuant to Mo. Rev. Stat. § 492.590. Furthermore, she asserts that defendants will still have an opportunity to request deposition costs should they prevail in the Missouri state court action.

In granting summary judgment on plaintiff's ERISA retaliation claim, the Court exercised its discretion to decline the exercise of supplemental jurisdiction over plaintiff's sole remaining state law claim under 28 U.S.C. § 1367(c)(3) and remanded the case to the state court from which it was removed. The order granting summary judgment constituted a final order appealable under 28 U.S.C. § 1291, and thus a "judgment." Lindsey v. Dillard's, Inc., 306 F.3d 596, 598–99 (8th Cir. 2002); see Fed. R. Civ. P. 54(a) ("'Judgment' as used in these rules includes a decree and any order from which an appeal lies."). In a judgment, "[u]nless a

federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). A prevailing party is "one who has been awarded some relief by the court." Rogers Grp., Inc. v. City of Fayetteville, Ark., 683 F.3d 903, 909 (8th Cir. 2012) (quoting Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 603 (2012)); see 10 Charles Alan Wright, et al., Federal Practice and Procedure § 2667 (3d. ed. 2016) ("[A] claimant who has obtained some relief usually will be regarded as the prevailing party even though the party has not sustained all his claims.").

Defendants were the prevailing parties on their motion for summary judgment. The presumption under Rule 54(d) is that the prevailing party is entitled to costs. Bathke v. Casey's Gen. Stores, Inc., 64 F.3d 340, 347 (8th Cir. 1995). The losing party bears the burden of overcoming the presumption that the prevailing party is entitled to costs. Janis v. Biesheuvel, 428 F.3d 795, 801 (8th Cir. 2005).

Section 1920 permits a prevailing party to obtain "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." § 1920(2). "[E]ven if a deposition is not introduced at trial, a district court has discretion to award costs if the deposition was 'necessarily obtained for use in [a] case' and was not 'purely investigative.'" Zotos v. Lindbergh Sch. Dist., 121 F.3d 356, 363 (8th Cir. 1997) (quoting Slagenweit v. Slagenweit, 63 F.3d 719, 720 (8th Cir. 1995)). The Court finds that the depositions taken were necessarily obtained for use in this case. The depositions were used extensively both by the parties in the briefing on defendants' motion for summary judgment and by the Court in

3

deciding the summary judgment motion. See Bathke, 64 F.3d at 347 (finding the district court did not abuse its substantial discretion in assessing the deposition costs against the plaintiffs when the district court specifically indicated that it relied on the depositions in ruling on the motion for summary judgment). Plaintiff has not provided any basis in a federal statute or rule for denying these costs to defendants. As such, defendants are entitled to costs for the depositions taken under section 1920.

### B. Objections to Specific Costs

Plaintiff also argues that some of the costs defendants seek are not taxable or recoverable under 28 U.S.C. § 1920. The Court addresses each in turn.

**Delivery Costs for Depositions**: Defendants request $23.00 for the delivery costs of two depositions. See Exs. B, D [Docs. ##121-2, 121-4]. Section 1920 does not authorize taxing plaintiff for the defendants' delivery expenses for depositions. Smith v. Tenet Healthsystem SL, Inc., 436 F.3d 879, 889 (8th Cir. 2006). The Court thus will not tax these costs against plaintiff.

**Copies of Documents**: Defendants request $33.00 for the costs of copying a hearing transcript from the Missouri Department of Employment Security. Ex. E [Doc. #121-5]. Plaintiff states that she produced a copy of the hearing transcript to defendants during discovery. Section 1920 only provides for copies of materials "where the copies are necessarily obtained for use in the case." § 1920(4). Defendants have not replied to plaintiff's objection disputing the assertion that she produced a copy of the hearing transcript during discovery. Because the Court is unable to determine that the copies defendants charged were necessarily obtained for use in the case "rather than obtained simply for the convenience of counsel,"

4

the Court will not award defendants its cost request for the copy of this transcript. Dunn v. Nexgrill Indus., Inc., No. 4:07-CV-1875(JCH), 2011 WL 1060943, at *1 (E.D. Mo. Mar. 21, 2011).

**Mediator's Fee**: Defendants withdrew their request for half of the mediator's fee in their motion to amend or modify their original bill of costs. [Doc. #123]. Furthermore, section 1920 does not authorize taxing plaintiff for mediation fees. Brisco-Wade, 297 F.3d at 782–83. As such, the Court will not tax these costs against plaintiff.

* * * * *

In summary, defendants are entitled to costs as follows:

Fees for printed or electronically recorded transcripts: $2,413.95

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to amend or modify their bill of costs [Doc. #123] is **granted**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay to the defendants costs in the amount of $2,413.95 **within thirty (30) days of the date of this Order**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 27th day of June, 2016.